**QUILL & ARROW, LLP**
Kevin Y. Jacobson (SBN 320532)
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA 90024
Telephone:  (310) 933-4271
Facsimile:   (310) 889-0645
E-mail:      kjacobson@quillarrowlaw.com
             e-service@quillarrowlaw.com

Attorneys for Plaintiffs,
**ROBERT A. KIRK AND
CHRISTINA M. KIRK**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. KIRK, an individual, and CHRISTINA M. KIRK, an individual,<br><br>  Plaintiffs,<br>vs.<br><br>FORD MOTOR COMPANY, a Delaware Corporation,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

COMPLAINT

Plaintiffs, ROBERT A. KIRK, an individual, and CHRISTINA M. KIRK, an individual, allege as follows against Defendant, FORD MOTOR COMPANY, a Delaware Corporation ("FORD MOTOR COMPANY"), on information and belief, formed after a reasonable inquiry under the circumstances:

## INTRODUCTION

1. These causes of action arise out of the warranty obligations of FORD MOTOR COMPANY in connection with a vehicle purchased by Plaintiffs and for which FORD MOTOR COMPANY issued a written warranty.

2. On June 2, 2018, Plaintiffs purchased a new Ford F-150, having VIN No. 1FTFW1RG1JFC45502 ("the Subject Vehicle"). These causes of action arise out of warranty and repair obligations of FORD MOTOR COMPANY in connection with a vehicle Plaintiffs purchased and for which FORD MOTOR COMPANY issued a written warranty. The warranty was not issued by the selling dealership.

3. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, the engine, electrical, structural, and transmission system defects.

4. Plaintiffs hereby revoke acceptance of the sales contract.

5. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs has used the vehicle primarily for those purposes.

6. Plaintiffs are "buyers" of consumer goods under the Act.

7. Defendant FORD MOTOR COMPANY is a "manufacturer" and/or "distributor" under the Act.

8. Plaintiffs hereby demand trial by jury in this action.

///

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332 *et seq.,* because amount of recovery sought by Plaintiffs exceeds the jurisdictional amount of $75,000.00, and there is complete diversity amongst the parties.

10. The Subject Vehicle, as reflected in the sales contract, has an approximate value of $95,636.16. Pursuant to the Song-Beverly Act, Plaintiffs seek general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiffs seek damages in the approximate amount of $286,908.48. Plaintiffs also seek reasonable attorneys' fees, costs, and expenses under the Act. Accordingly, Plaintiffs' claim meets the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

11. Complete diversity exists as Plaintiffs, ROBERT A. KIRK and CHRISTINA M. KIRK, are citizens of the State of California.

12. Defendant, FORD MOTOR COMPANY, is a Delaware Corporation operating and doing business in the State of California. As reflected within Defendant's Statement of Information filed with the California Secretary of State, FORD MOTOR COMPANY is incorporated and has its principal place of business in the State of Michigan. A true and correct copy of Defendant, FORD MOTOR COMPANY's Statement of Information filed with the California Secretary of State on April 22, 2021 is attached herewith as **Exhibit A**.

13. As such, the Defendant is not incorporated in California but in Delaware. Accordingly, there is complete diversity amongst the parties under 28 U.S.C. § 1332. (a) (1), and Plaintiffs have now alleged sufficient facts to establish subject matter jurisdiction.[1]

---

[1] The Federal Rules are designed to minimize disputes over pleading technicalities. *See Ashcroft v. Iqbal*, 556 US 662, 678 (2009). A complaint is sufficient if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corporation et al. v. Twombly*, 550 U.S. 544, at 555 (2007); see *Starr v. Baca,* 652 F3d 1202, 1212 (9th Cir. 2011) (discussing traditional liberal theory of Rule 8(a)). In determining the sufficiency of a pleading, allegations of material fact are taken as true and construed in the light most favorable to the pleader.

14. Venue is proper, and Defendants are subject to the personal jurisdiction of, this court because the Subject Vehicle was purchased at Galpin Motors, Inc., a FORD MOTOR COMPANY authorized dealership and repair facility, located at 15505 Roscoe Blvd., North Hills, CA 91343.

15. Venue is also proper, as Plaintiffs, ROBERT A. KIRK and CHRISTINA M. KIRK, are individuals residing in the City of Fullerton, State of California.

16. Venue is also proper, as Defendant, FORD MOTOR COMPANY, is and was a Delaware Corporation operating and doing business in the State of California

17. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

18. Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

## DEMAND FOR JURY TRIAL

19. Plaintiffs, ROBERT A. KIRK and CHRISTINA M. KIRK, hereby demand a trial by jury in this action.

## FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

20. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

21. These causes of causes of action arise out of warranty and repair obligations of FORD MOTOR COMPANY in connection with a vehicle Plaintiffs purchased and for which FORD MOTOR COMPANY issued a written warranty. The

---

*See Erickson v. Pardus*, 551 US 89, 94 (2007) (emphasis added); *see also Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008*); accord Proft v. Raoul*, 944 F3d 686, 690 (7th Cir. 2019).

warranty was not issued by the selling dealership.

22. The Subject Vehicle was delivered to Plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, engine, electrical, structural, and transmission system defects.

23. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the Subject Vehicle primarily for those purposes.

24. Plaintiffs are the "buyers" of consumers goods under the Act.

25. Defendant FORD MOTOR COMPANY is a "manufacturer" and/or "distributor" under the Act.

26. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

27. Plaintiffs delivered the vehicle to an authorized FORD MOTOR COMPANY repair facility for repair of the nonconformities.

28. Defendant was unable to conform Plaintiffs' vehicle to the applicable express warranty after a reasonable number of repair attempts.

29. Notwithstanding Plaintiffs' entitlement, Defendant FORD MOTOR COMPANY has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

30. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

31. Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation of the nonconformities.

32. Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

33. Plaintiffs are entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

34. Because Defendant willfully violated the Song-Beverly Act, Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for FORD MOTOR COMPANY's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Implied Warranty**

35. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

36. FORD MOTOR COMPANY and its authorized dealership at which Plaintiffs purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the subject vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

37. Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

38. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

39. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

40. The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as engine, electrical, structural, and transmission system defects.

41. Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

42. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*.

43. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

44. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

45. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

46. Plaintiffs are entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

### THIRD CAUSE OF ACTION

**Violation of the Song-Beverly Act Section 1793.2(b)**

47. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

48. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

49. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable

express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

50. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

51. The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including the engine, electrical, structural, and transmission system defects.

52. Plaintiffs delivered the subject vehicle to FORD MOTOR COMPANY's authorized service representatives on multiple occasions. The subject vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

53. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time and FORD MOTOR COMPANY has failed to tender the subject vehicle back to Plaintiffs in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

54. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*.

55. Plaintiffs hereby revoke acceptance of the subject vehicle.

56. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

57. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

58. Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

59. Plaintiffs are entitled to recover all incidental and consequential

damages pursuant to 1794 *et seq.* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

60. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FORD MOTOR COMPANY has willfully failed to comply with its responsibilities under the Act.

## PRAYER FOR RELIEF

1. For general, special, and actual damages according to proof at trial;
2. For recission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiffs' actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorneys' fees, costs, and expenses of suit; and
8. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: April 28, 2022

**QUILL & ARROW, LLP**

　　/s/Kevin Y. Jacobson
Kevin Y. Jacobson, Esq.
Attorney for Plaintiffs,
**ROBERT A. KIRK**
**CHRISTINA M. KIRK**